IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DARYL MAASSEN, DARLENE MAASSEN, and IOWA DEPARTMENT OF REVENUE AND FINANCE,<br><br>Defendants. | No. 04-CV-4112-DEO<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AND 12(b)(1) |

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion to dismiss Defendant Daryl Maassen's counterclaim. Doc. No. 128. Defendant asserted his counterclaim in his answer to Plaintiff's amended complaint. Doc. No. 124. The counterclaim arose, in part, from the August 28, 2007, search and seizure of the portion of Defendant's property excluded from the initial complaint and Plaintiff's proposed judgment and order of sale, which this Court adopted, as well as Defendant's one-week incarceration that followed.

In his counterclaim, Defendant asserts, in part, the following:

> ¶ 27. Plaintiff unlawfully entered upon Mr. Maassen's real property and seized Mr.

Maassen's business and personal property in violation of this Court's order dated June 6, 2007.

¶ 28. Plaintiff unlawfully incarcerated Mr. Maassen for one week following the unlawful intrusion upon Plaintiff's real property on August 28, 2007, and is therefore liable to Mr. Maassen for damages in excess of $50,000.00.

¶ 29. Plaintiff has failed and refused to account for property unlawfully seized and sold in violation of Internal Revenue Code § 6335 and is therefore liable to Mr. Maassen for damages and attorney's fees in excess of $50,000.00.

¶ 30. Plaintiff previously improperly and unlawfully removed Mr. Maassen from his home, removed his furnishings and business and personal property and, pursuant to Internal Revenue Code § 7433, is therefore liable to Mr. Maassen for damages and attorney's fees in excess of $50,000.00.

Daryl Maassen Answer, Doc. No. 124, at 3-4.

## II. LAW AND ANALYSIS

Generally, the Government may enforce tax liens by three methods:

> (1) an administrative levy under 26 U.S.C. § 6331;
>
> (2) simply sue for the unpaid amount, and, on getting a judgment, exercise the usual rights of a judgment creditor, see 26 U.S.C. §§ 6502(a), 7401, 7402(a); or

2

> (3) proceed to enforce the lien or subject a property to the payment of taxes owed, under 26 U.S.C. § 7403.
>
> The first method is "administrative" because the United States may levy on its own, without obtaining a court order. 26 U.S.C. § 6331. In contrast, the second and third methods require the United States to file an action in court. See 26 U.S.C. §§ 6502(a), 7401, 7402(a), 7403(a). These three methods of enforcing liens for unpaid taxes are independent and distinct. The common purpose of this formidable arsenal of collection tools is to ensure the prompt and certain enforcement of the tax laws in a system relying primarily on self reporting.

United States v. Moyer, 2008 WL 3478063, at *9 (N.D. Cal. Aug. 12, 2008) (citing and quoting United States v. Rodgers, 461 U.S. 677, 680-83 (1983)). In this case, there are two statutes under which Defendant asserts his counterclaim - 26 U.S.C. [Internal Revenue Code] §§ 6335 and 7433.

### A. 26 U.S.C. § 6335

Plaintiff argues that § 6335 does not apply in this case because it applies only to administrative seizures. The seizure in this case was pursuant to a Court-ordered foreclosure and sale. Thus, Plaintiff argues Defendant would not be entitled to any relief pursuant to § 6335. The Court is persuaded Plaintiff is right.

3

As mentioned, Plaintiff did not exercise an administrative levy pursuant to § 6331. Instead, Plaintiff brought this action pursuant to 26 U.S.C. §§ 7401, 7402, and 7403 to reduce to judgment the unpaid federal tax liabilities of Defendant Maassen and to foreclose the federal tax liens against Defendant's property. After trial, the Court entered a judgment in favor of Plaintiff and authorized and directed the Property Appraisal and Liquidation Specialist of the Internal Revenue Service ("PALS") to offer for public sale and to sell Defendant's property pursuant to 28 U.S.C. §§ 2001 and 2002.[1] Doc. Nos. 66, 67. While Defendant argues that § 6335 is not limited solely to administrative seizures under § 6331, Defendant has not provided and the Court has not found supporting authority for that position. Moreover, §§ 6335 and 6331 are under the same subchapter (Subchapter D – "Seizure of Property for Collection of Taxes") and part (part II – "Levy") of the United States Code, which expressly relate to administrative enforcement rights of the secretary of the Treasury. Thus, the notice requirements under § 6335(a) were

---

[1] Section 7403 sales are governed by 28 U.S.C. § 2001 et seq. United States v. Kilgore, 1994 WL 401066, at *2 (D. Kan. July 5, 1994).

4

not applicable in this case because there was no administrative levy under § 6331. Plaintiff's motion to dismiss as to Defendant's counterclaim under § 6335 will be granted under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

### B. 26 U.S.C. § 7433

Plaintiff also argues that Defendant's counterclaim under 26 U.S.C. § 7433 should be dismissed for lack of subject matter jurisdiction because Defendant did not exhaust his administrative remedies before he filed his counterclaim. Under § 7433(d)(1), the taxpayer must exhaust his administrative remedies prior to bringing a § 7433 claim in federal court. If, however, the taxpayer files his administrative claim within six months prior to the date on which the statute of limitations expires, the taxpayer may file an action in federal court at any time after the taxpayer files the administrative claim and before the statute of limitations expires. Treas. Reg. § 301.7433-1(d)(2).

In this case, Defendant filed his counterclaim along with his answer to Plaintiff's amended complaint on January 9, 2009. Plaintiff subsequently brought its motion to dismiss

and argued that the Court lacked subject matter jurisdiction over Defendant's § 7433 claim because Defendant did not first exhaust his administrative remedies by filing an administrative claim with the Internal Revenue Service. In his March 30, 2009, brief in opposition to Plaintiff's motion to dismiss, Defendant conceded that he failed to file an administrative claim prior to asserting his counterclaim. In his brief, Defendant notified the Court that he submitted the administrative claim on March 30, 2009, which was within six months prior to the date on which the statute of limitations expired,[2] and requested that the Court grant him leave to submit his counterclaim in amended form following March 30, 2009. In response, Plaintiff argues that Defendant must strictly comply with statutory requirements relating to sovereign immunity. Because Defendant did not file his counterclaim after he filed his administrative claim, Plaintiff argues Defendant did not strictly comply with the requirements of § 7433(d)(1) and Treas. Reg. 301.7433-1(d)(2)

---

[2] The matters arising out of Defendant's counterclaim under § 7433 occurred on or about August 28, 2007. Thus, the two-year statute of limitations would have expired on or about August 28, 2009. 26 U.S.C. § 7433(d)(3).

and, as such, this Court lacks subject matter jurisdiction to hear the counterclaim.

The Court has carefully considered Defendant's request for leave and recognizes that matters relating to sovereign immunity must be handled with strict compliance to statutory requirements. With this in mind, the Court has strongly considered dismissing Defendant's § 7433 claim because, as mentioned, Defendant did not exhaust his administrative remedies prior to filing his counterclaim. However, the Court recognizes that Plaintiff has also made significant errors in its initial complaint and proposed judgment and order of sale with respect to the legal description of Defendant's property, and that the case remains pending today predominantly due to these errors. The Court nevertheless granted Plaintiff's motion to amend the judgment (in part) and further permitted Plaintiff to amend its complaint to set out the correct legal description of Defendant's property. Thus, the Court is persuaded in the interest of justice that it is equitable to permit Defendant the opportunity to correct his own error

here.[3]

In this case, Defendant filed his administrative claim and requested that this Court grant him leave to amend his counterclaim on March 30, 2009, within six months of the date on which the statute of limitations expired. Thus, the Court will grant Defendant leave to file his amended counterclaim to reflect a date of March 31, 2009, the day after he filed his administrative claim.

C. **Internal Revenue Service's Decision on Defendant's Administrative Claim**

On October 13, 2009, the Court received from Defense counsel a copy of the Internal Revenue Service's October 1, 2009, decision denying Defendant's administrative claim under § 7433. A copy of the decision is attached to this Order and hereby made a part of this record. In its decision, the Internal Revenue Service denied Defendant's claim and found that the PALS acted as an officer of this Court under 28 U.S.C. §§ 2001 and 2002 and not as an officer or employee of the Internal Revenue Service. Thus, the Internal Revenue

---

[3] Fed. R. Civ. P. 15(a)(2) permits a party to amend its pleading with the Court's leave, and states that "[t]he court should freely give leave when justice so requires."

Service found that the PALS acted according to the authority granted him by the Court and did not act in connection with any collection under Title 26. Furthermore, the Internal Revenue Service found that the PALS did not recklessly, intentionally, or negligently disregard any provision of Title 26, and that Defendant did not establish or prove that he sustained any actual, direct economic damages as a proximate result of any action by the PALS.

The Court is persuaded it is not bound by the decision of the Internal Revenue Service, but the Court is not at this time finding that it disagrees with the decision. The Internal Revenue Service, as mentioned, set out numerous reasons why it found that Defendant did not have a § 7433 claim. Because the parties focused their § 7433 arguments before this Court predominantly around the administrative exhaustion requirements, the parties have not had a full opportunity to address substantive arguments relating to Defendant's § 7433 counterclaim. Thus, once Defendant files his amended counterclaim, the Court will permit Plaintiff the opportunity to file any motions or responsive pleadings relating to its position at that time.

D. **Severance under Fed. R. Civ. P. 21 or 42(b)**

The Court previously informed the parties of its intention to sever this case under Fed. R. Civ. P. 21 or conduct a separate trial of Defendant's counterclaim under Fed. R. Civ. P. 42(b). Plaintiff has stated it prefers a severance under Rule 21, and Defendant Maassen prefers a separate trial under Rule 42(b). After considering the legal expenses and attorney fees that Defendant would incur in having to file an entirely separate action and conduct relevant discovery, the Court is persuaded the better option is to have a separate trial on Defendant's counterclaim under Rule 42(b). Thus, if a trial is necessary on the remainder of Plaintiff's claim as set out in Plaintiff's amended complaint, the Court will try the claim separately from Defendant's counterclaim.[4]

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff's motion to dismiss Defendant's counterclaim under Fed. R. Civ. P. 12(b)(6) and 12(b)(1) is **granted in part/denied in part**.

Plaintiff's motion to dismiss as to Defendant's

---

[4] Pursuant to the language of Rule 42(b), the Court will "preserve any federal right to a jury trial."

counterclaim pursuant to 26 U.S.C. § 6335 is **granted**.

Plaintiff's motion to dismiss as to Defendant's counterclaim pursuant to 26 U.S.C. § 7433 is **denied without prejudice**.

**IT IS FURTHER HEREBY ORDERED** that Defendant's request for leave to file an amended counterclaim is **granted**. Within ten (10) days of the date of this Order, Defendant shall file his amended counterclaim under 26 U.S.C. § 7433. <u>The Clerk of Court is directed to file Defendant's amended counterclaim with a date of March 31, 2009</u>. Plaintiff will then have ten (10) days to file its responsive pleading or motion, including any motion or argument relating to the Internal Revenue Service's decision of October 1, 2009.

**IT IS FURTHER HEREBY ORDERED** that the Court will try Plaintiff's remaining claim as set out in Plaintiff's amended complaint separately from Defendant's amended counterclaim in this case.

**IT IS SO ORDERED** this 27th day of October, 2009.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa